**In re John Eldridge BROWN, Yvonne Vernette Jones Brown, Debtors.**

**Bankruptcy No. 88–00797–NNB.**

United States Bankruptcy Court, E.D. Virginia.

Jan. 4, 1989.

Stephen A. Dunnigan, Richmond, Va., for debtors.

Richard W. Hudgins, Newport News, Va., for Newport News Educators' Credit Union.

Yvonne Vernette Jones Brown, debtor pro se.

### ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

John and Yvonne Brown filed bankruptcy on July 26, 1988, and in October Yvonne Brown sought permission of the Court to

reaffirm a debt to her employment credit union, Newport News Educators' Credit Union.

The debt was totally unsecured and in her own motion stated, "[She] is under no obligation whatsoever to reaffirm this debt." Since her attorney, Stephen A. Dunnigan, Esquire, was of the opinion it was not in her best interest to reaffirm the debt, he prepared the motion although technically the debtor was filing it *pro se* which requires scrutiny by the Court. 11 U.S.C. § 524(c)(6).

In the course of the hearing, it became quite clear why Mrs. Brown wished to reaffirm an otherwise discharged unsecured debt. It is the avowed policy of the Credit Union "to deny access to all Credit Union services to any member who causes the Credit Union to suffer a loss due to loan default or whose bankruptcy results in a loss."

Mrs. Brown offered a newsletter of the Credit Union which sets the policy forth and it is reproduced here:

## Bankruptcy Slams The Door On Tomorrow

If you are thinking about filing bankruptcy **THINK** about the long term implications. This action, filing bankruptcy, closes the door on **TOMORROW**. Having **no credit means** no ability to purchase **cars, houses, credit cards**. Look into the future - no loans for the education of your **children**.

Remember that the **attorneys** who counsel you to file bankruptcy are **not risking their credit**. It will be your ability to obtain credit that will be lost. It is easy to tell someone else to do something that will hurt in the long run.

Members who belong to a credit union are members of a financial cooperative. If **one member files bankruptcy** (bankruptcies are listed in the Monday issue of the *"Inside Business"* section of the **Daily Press**) and the credit union needs to take a loss, **ALL MEMBERS lose. These bankruptcy losses cut into services, cause increases in interest rates on loans, and lower the dividends**. Talk to your creditors first, especially your credit union, before filing for bankruptcy. Often they will work with you. Bankruptcy should be **your last choice!**

> **POLICY:** It is the policy of Newport News Educators' Credit Union, Inc. to deny access to all Credit Union Services to any member who causes the Credit Union to suffer a loss due to loan default or whose bankruptcy results in a loss.

The Congress has been aware since 1971 of the need to protect sound bankruptcy policy by prohibiting discrimination. Section 525(a) of the Bankruptcy Code was enacted. This dealt with discrimination by a governmental unit. A 1984 amendment added subsection (b) to extend the protection to private employment.

The statute is clear, but does it pertain solely to discrimination in employment?

(1) Mrs. Brown is employed by the Newport News Public Schools, a governmental unit.

(2) One of the benefits of her employment is membership in the Newport News Educators' Credit Union. To deny her access to *all* credit union services clearly does "discriminate with respect to employment." Such a policy would bar not just future loans, but maintaining savings and checking accounts.

The legislative history is clear:

"In addition, the section is not exhaustive. The enumeration of various forms of discrimination against former bankrupts is not intended to permit other forms of discrimination."

House Report No. 95–595, 95th Cong., 1st Sess. 366–7 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 81 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

Indeed, one should read the entire legislative history to understand the far-reaching intent.

And what of the Credit Union? Must it be forced to grant loans to bankrupts (debtors), deadbeats, and the like? No, but it may *not* discriminate on the sole grounds of bankruptcy. There must be a fair, unbiased consideration.

Now, Mrs. Brown wants to pay the Credit Union. However, the Court will not approve the reaffirmation. It is not in her best interest to do so. While now willing and able, circumstances for her or a dependent could change tomorrow. This matter involves more than $6,000. Her "fresh start" could be jeopardized. However, there is nothing to prohibit her from repaying the Credit Union *voluntarily*.

(1) The motion to reaffirm the debt to Newport News Educators' Credit Union is denied.

(2) Newport News Educators' Credit Union is hereby permanently enjoined from use or enforcement of any policy which in any manner discriminates against members solely on the grounds of having filed bankruptcy.

IT IS SO ORDERED.

The Clerk will forward a copy of this order to counsel of record, the debtors and Newport News Educators' Credit Union.